**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 20, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

MARTIN GARCIA-CASTANEDA,

      Defendant-Appellant.

No. 07-2030

(D. of N.M.)

(D.C. No. CR-06-1516-MCA)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

Martin Garcia-Castaneda appeals his sentence for illegal reentry after being deported, in violation of 8 U.S.C. §§ 1326(a)(1) and (2). The district court sentenced Garcia-Castaneda to 70 months imprisonment, at the bottom of the applicable sentencing guideline range. The court also imposed three years of supervised release. The court's order specified Garcia-Castaneda's supervised

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

release would actually be unsupervised, because Garcia-Castaneda will be deported from the United States when he concludes his term in prison. Garcia-Castaneda now argues that a term of "unsupervised" supervised release is an unreasonable sentence.

We review the sentence imposed for reasonableness under the statutory factors outlined in 18 U.S.C. § 3553(a). *United States v. Hildreth*, 485 F.3d 1120, 1127 (10th Cir. 2007). Reasonableness involves both procedural and substantive components: "To impose a procedurally reasonable sentence, a district court must calculate the proper advisory Guidelines range and apply the factors set forth in § 3553(a). A substantively reasonable sentence ultimately reflects the gravity of the crime and the § 3553(a) factors as applied to the case." *Id.* (internal citations omitted). Garcia-Castaneda does not challenge the procedural reasonableness of his sentence because he does not argue the court incorrectly calculated the applicable guideline range or failed to consider the § 3553(a) factors. Instead he argues the terms of his supervised release are substantively unreasonable because they do not reflect the § 3553(a) factors as applied to his case.

Garcia-Castaneda failed to raise his substantive unreasonableness argument in the sentencing court, so we review only for plain error. *See United States v. Lopez-Flores*, 444 F.3d 1218, 1221 (10th Cir. 2006). We have previously recognized a narrow exception to plain error review that does not apply here. In *Lopez-Flores*, we declined to review for plain error when the defendant has failed

to object to the length of his sentence, and in *United States v. Mancera-Perez*, — F.3d —, No. 06-2059, 2007 WL 2823479 at *4 (10th Cir. Oct. 1, 2007), we established the exception applies only when the defendant has already made an argument for a lesser sentence during pre-sentence arguments. Admittedly Garcia-Castaneda, like defendants who challenge the length of their sentences, contests the substantive reasonableness of his supervised release; but in this case "the usual reasons for requiring a contemporaneous objection apply" because Garcia-Castaneda could have given the district court the opportunity to remedy any unreasonableness when it announced Garcia-Castaneda's supervised release would be unsupervised. *Lopez-Flores*, 444 F.3d at 1221 (citing *United States v. Castro-Juarez*, 425 F.3d 430, 433–34 (7th Cir. 2005)).

"Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Lopez-Flores*, 444 F.3d at 1222 (quoting *United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005)). We conclude the district court committed no error in sentencing Garcia-Castaneda.

Garcia-Castaneda argues "unsupervised supervised release" is *per se* unreasonable because the goal of supervised release—the supervision of the defendant—cannot be achieved. Garcia-Castaneda's argument amounts to a claim that deportation is an unreasonable condition of supervised release because a

defendant cannot be supervised outside of the United States. *See United States v. Brown*, 54 F.3d 234, 239 (5th Cir. 1995) (quoting Probation Manual, Guide to Judiciary Policies and Procedures IV, § 18 as providing for supervision only "until the person actually leaves the United States.").

The district court did not err by imposing an unsupervised term of supervised release in the context of a defendant who will be deported. Congress has required that supervised release be supervised only "to the degree warranted by the conditions specified by the sentencing court." 18 U.S.C. § 3624(e). And Congress has recognized deportation as an acceptable condition of supervised release even though the defendant cannot be supervised after deportation: "If an alien defendant is subject to deportation, the court may provide, as a condition of supervised release, that he be deported and remain outside the United States." 18 U.S.C. § 3583(d); *see also* 8 U.S.C. § 1252(h) ("[S]upervised release . . . shall not be grounds for deferral of deportation."); United States Sentencing Guidelines ("USSG") § 5D1.3(d)(6) (naming deportation as a special condition of supervised release). Finally, this court has recognized illegal reentry subsequent to deportation as a violation of supervised release, even though the defendant was unsupervised subsequent to his deportation. *United States v. Rodriguez-Quintanilla*, 442 F.3d 1254, 1256 (10th Cir. 2006).

Furthermore, in this situation, unsupervised supervised release serves the goals of the § 3553(a) sentencing factors. "Sentencing courts, in determining the

-4-

conditions of a defendant's supervised release, are required to consider, among other factors, 'the nature and circumstances of the offense and the history and characteristics of the defendant,' 'the need . . . to afford adequate deterrence to criminal conduct; . . . [and the need] to protect the public from further crimes of the defendant.'" *United States v. Johnson*, 529 U.S. 53, 59 (2000) (quoting 18 U.S.C. § 3553(a)). We agree with the United States that the deterrent effect of a supervised release term on a defendant like Garcia-Castaneda—who may try again to reenter the United States—justifies the sentence conditions.

If Garcia-Castaneda enters the United States again during his term of supervised release, he will be subject to significant additional prison time. A defendant convicted for violation of supervised release may face (1) consecutive prison terms and (2) additional criminal history points, both of which add appreciably to a potential sentence. *See Rodriguez-Quintanilla*, 442 F.3d at 1259 (upholding sentence for revocation of supervised release added consecutively to sentence for illegal reentry); USSG § 4A1.1(d) (adding criminal history points for sentencing purposes when offense was committed while on supervised release); *United States v. Akinyemi*, 108 F.3d 777, 780 (7th Cir. 1997) (upholding application of USSG § 4A1.1(d) to illegal reentry after deportation during term of supervised release). This risk is sufficient to make the term of unsupervised supervised release a reasonable deterrent and thereby satisfy the § 3553(a) sentencing factors.

Accordingly, we AFFIRM.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge