**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 13, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

RAYMOND TILLETT,

      Defendant-Appellant.

No. 05-2352
(D.C. No. CR-04-2148 JC)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, Chief Judge, **HARTZ**, and **HOLMES**, Circuit Judges.

Defendant-Appellant Raymond R. Tillett appeals his sentence of forty-six

months that the district court imposed following his plea of guilty to one count of

conspiracy to possess with intent to distribute 100 kilograms or more of marijuana

in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846.  On appeal, Mr.

Tillett argues that his sentence is both procedurally unreasonable due to the

district court's alleged failure to address his request for a below-Guidelines

sentence as required by 18 U.S.C. § 3553(c) and substantively unreasonable under

---

[*]  This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

the factors set forth in 18 U.S.C. § 3553(a). We exercise jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and **AFFIRM** Mr. Tillett's sentence.

## I. BACKGROUND

A New Mexico Motor Transportation Division officer stopped a white tractor-trailer driven by Mr. Tillett for exceeding the forty-five miles per hour construction-zone speed limit on Interstate 40. Mr. Tillett got out of the truck and approached the officer at the rear of the trailer. A passenger, Steven C. Hadley, was in the trailer's sleeper compartment.

The officer requested Mr. Tillett's driver's license, vehicle registration, bill of lading, logbook, medical examiner's certificate, and his state registration form. Mr. Tillett provided all documents except for the medical examiner's certificate. During the safety inspection of the vehicle, the officer noticed some inconsistencies between the logbook and the bill of lading. Consequently, the officer cited Mr. Tillett for speeding, a logbook violation, and failure to have a medical examiner's certificate.

The officer then told Mr. Tillett that he wanted to verify that the bill of lading accurately reflected the contents of the trailer. After opening the door to the trailer, the officer detected a strong odor of marijuana and noticed that the front wall did not appear to be factory-made. On closer inspection, the officer

noticed a small gap between the plywood front wall and the factory wall, through which he observed a cardboard box and smelled a strong odor of raw marijuana.

The officer then arrested both Mr. Tillett and Mr. Hadley, placing them in handcuffs. The two men and the trailer were taken to the Santa Rosa State Police Office. After privately conferring with each other, both men agreed to answer questions and signed a written consent form authorizing a search of the trailer. The search revealed twenty-four boxes of marijuana with an approximate gross weight of 692.65 kilograms. The men and the trailer were turned over to the Drug Enforcement Agency ("DEA"). Mr. Tillett told the DEA agents that he owned the trailer and that he was transporting the marijuana from Tucson, Arizona, to Columbus, Ohio, in exchange for $20,000.

A federal grand jury returned a two-count indictment against Mr. Tillett and Mr. Hadley, charging them with (1) conspiring to possess with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846 (Count I); and (2) possessing with intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count II).[1]

Mr. Tillett was released from custody pending further proceedings. While released, he was arrested by Ohio state authorities for marijuana trafficking. A

---

[1] Mr. Hadley ultimately pleaded guilty to Count I of the indictment, and the district court sentenced him to a prison term of twenty-one months.

police officer stopped Mr. Tillett's vehicle while it was traveling through Ohio and found approximately 10 pounds of marijuana in the vehicle. Ohio authorities subsequently surrendered Mr. Tillett to federal authorities.

Mr. Tillett entered into a plea agreement in which he pleaded guilty to the conspiracy count (Count I) in exchange for the government dismissing the substantive drug count (Count II). The government agreed that Mr. Tillett had demonstrated acceptance of responsibility within the meaning of the U.S. Sentencing Guidelines (U.S.S.G. § 3E1.1) and, consequently, was eligible for a three-level reduction in his base offense level. It also acknowledged that Mr. Tillett may be eligible for a two-level reduction in his base offense under the safety-valve provisions of the Guidelines (U.S.S.G. § 5C1.2). *See* 18 U.S.C. § 3553(f) (statutory safety-valve provision); U.S.S.G. § 2D1.1(b)(7) (cross-referencing U.S.S.G. § 5C1.2 and providing for the two-level adjustment in drug-trafficking cases).[2]

Based on the quantity of marijuana and Mr. Tillett's eligibility for the safety-valve reduction, the PSR calculated the advisory Guidelines range to be forty-six to fifty-seven months. Mr. Tillett filed a motion requesting the district court to impose a sentence below the advisory Guidelines range. Mr. Tillett

---

[2]    Mr. Tillett's sentence was computed by referencing the 2004 edition of the United States Sentencing Guidelines Manual. The parties do not question the use of that edition. Accordingly, we use that edition in our analysis and our citations to the Guidelines are to the 2004 edition.

argued that his military service, family circumstances, future deportation, and ineligibility for a halfway house at the end of his sentence (because of pending deportation) warranted a sentence below the Guidelines range. In particular, in light of the allegedly onerous nature of the latter two factors, Mr. Tillett argued that imposing a Guidelines sentence on him would lead to an unwarranted disparity between his sentence and that of otherwise similarly-situated United States citizen defendants. *See* 18 U.S.C. § 3553(a)(6) (requiring sentencing courts to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct").[3]

At the sentencing hearing, after Mr. Tillett made a brief statement apologizing for his conduct, the district court determined that Mr. Tillett's advisory Guidelines range was forty-six to fifty-seven months of imprisonment, based on a total offense level of twenty-three and a criminal history category of I.

---

[3]     Mr. Tillet also filed a sealed pleading in support of a sentence below the Guidelines range. There, he made one additional argument, an argument that he maintains on appeal. Mr. Tillett alleged that public disclosure of the argument would put his life and that of his family at risk. Apparently in recognition of the argument's sensitivity, the district court did not conduct the sentencing in a courtroom open to the public and sealed the sentencing transcript. Still concerned about public disclosure of this argument, Mr. Tillett moved this Court to permit filing his opening brief and all other briefs in this case under seal and we granted the motion. In considering the merits of Mr. Tillet's appellate challenge to his sentence, we have thoroughly considered all documents related to that argument. However, in order to dispose of this case, we need not expressly discuss the argument. Even taking it into account, along with Mr. Tillet's other substantive sentencing contentions, we ultimately conclude that the district court did not abuse its discretion in declining to vary from the Guidelines and imposing a low-end Guidelines sentence on Mr. Tillett.

The district court thereafter announced its sentence: Mr. Tillett would be required to serve forty-six months in prison followed by three years of supervised release. Mr. Tillett at that juncture reminded the Court of the arguments that he previously had advanced in writing and reiterated his request for a lower sentence. After listening to the government's contrary contentions, the district court adhered to its sentence. The court commented that "[w]hen I read the presentence report, I increased it to 52 months" and, finishing its thought, stated "[s]o I've already given [Mr. Tillett] all the credit I'm going to give him, with 46." R., Vol. III, Tr. at 10 (Transcript of Sentencing Hearing, dated Oct. 25, 2006).

Mr. Tillett appeals, arguing that these statements are insufficient to meet the requirements of § 3553(c) and that his sentence is unreasonable in light of the factors of § 3553(a).

## II. DISCUSSION

We review a federal criminal sentence for reasonableness, giving deference to the district court under "the familiar abuse-of-discretion standard." *Gall v. United States*, 128 S. Ct. 586, 594 (2007); *see United States v. Smart*, ___ F.3d ___, No. 06-6120, 2008 WL 570804, at *4 (10th Cir. Mar. 4, 2008) (noting that it is now "well settled that we review a district court's sentencing decisions solely for abuse of discretion"). Reasonableness "has both procedural and substantive components." *United States v. Atencio*, 476 F.3d 1099, 1102 (10th Cir. 2007); *see*

- 6 -

*Gall*, 128 S. Ct. at 597 (noting that a reviewing court "must first ensure that the district court committed no significant procedural error" and then it should "consider the substantive reasonableness of the sentence").

The procedural component relates to the manner in which the district court calculated and explained the sentence. *See Gall*, 128 S. Ct. at 597 (noting as examples of "significant procedural error" a district court's "fail[ure] to calculate (or improperly calculating) the Guidelines range" and "fail[ure] to adequately explain the chosen sentence"); *United States v. Romero*, 491 F.3d 1173, 1176 (10th Cir. 2007) (treating as a claim of procedural unreasonableness defendant's allegation that the district court failed to explain its reasons for rejecting an argument for a below-Guidelines sentence).

The substantive component relates to the length of the sentence: "In evaluating the substantive reasonableness of a sentence, we ask whether the length of the sentence is reasonable considering the statutory factors delineated in 18 U.S.C. § 3553(a)." *United States v. Hamilton*, 510 F.3d 1209, 1217-18 (10th Cir. 2007); *see Atencio*, 476 F.3d at 1102 ("A substantively reasonable sentence ultimately reflects the gravity of the crime and the § 3553(a) factors as applied to the case."). "[W]e accord a properly calculated Guidelines sentence a presumption of substantive reasonableness." *United States v. Hernandez*, 509 F.3d 1290, 1298 (10th Cir. 2007) (citing *Rita v. United States*, 127 S. Ct. 2456 (2007)), and noting that the Supreme Court has "recently upheld as

constitutional" the Tenth Circuit's "approach" to the appellate presumption of reasonableness); *see Gall*, 128 S Ct. at 597 ("If the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness.").

Mr. Tillet challenges his sentence on both procedural and substantive grounds. We review each claim in turn.

## A. PROCEDURAL REASONABLENESS UNDER 18 U.S.C. § 3553(c)

Because Mr. Tillett did not object at sentencing to the district court's alleged failure to comply with the requirements of § 3553(c), we review for plain error. *See Hamilton*, 510 F.3d at 1218 ("Because [defendant] raised no contemporaneous objection to the court's explanation of the method of determining his sentence, we review only for plain error."); *United States v. Chavez-Calderon*, 494 F.3d 1266, 1268 (10th Cir. 2007) (same); *see also Romero*, 491 F.3d at 1178 (alleviating "confusion" caused by Tenth Circuit precedent by concluding that where a defendant "did not object on procedural grounds under § 3553(a) or (c) after the district court imposed his sentence, he has forfeited his right to appeal this issue and our review is only for plain error").[4]

---

[4] At oral argument, defense counsel, who had represented Mr. Tillett during the sentencing proceedings, conceded that although he raised an objection to the Guidelines sentence and argued for a downward variance, he did not specifically object to the district court's alleged *procedural* error in failing to state on the record its reasons for imposing the particular sentence of forty-six months.

To secure relief under the demanding plain error standard, Mr. Tillett "must show: (1) an error, (2) that is plain, which means clear or obvious under current law, and (3) that affects substantial rights. If he satisfies these criteria, this Court may exercise discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Goode*, 483 F.3d 676, 681 (10th Cir. 2007) (internal quotation marks omitted) (quoting *United States v. Kimler*, 335 F.3d 1132, 1141 (10th Cir. 2003)). Even assuming *arguendo* that Mr. Tillett has established the first two components of the plain error standard, we conclude that he has not satisfied the third. Accordingly, he is not entitled to relief.

Mr. Tillett has failed to make an adequate showing that the district court's alleged failure to comply with § 3553(c)'s requirements affected his substantial rights. To affect substantial rights, "the error must have been prejudicial." *Romero*, 491 F.3d at 1179 (quotation marks omitted). "This standard requires the defendant to show a reasonable probability that, but for the error claimed, the result of the proceeding would have been different." *United States v. Avalos*, 506 F.3d 972, 979 (10th Cir. 2007) (internal quotation marks omitted) (quoting *United States v. Corchado*, 427 F.3d 815, 818 (10th Cir. 2005)).

Mr. Tillett makes no contention of prejudice "and we will not supply such an argument for him." *Romero*, 491 F.3d at 1179. Furthermore, although we need not decide on these facts whether it would be determinative, the district

- 9 -

court's statement that "I've already given [Mr. Tillett] all the credit I'm going to give him, with 46 [months]," calls into serious question Mr. Tillett's ability to demonstrate a reasonable probability he would receive a different (i.e., lighter) sentence on remand. *See United States v. Underwood*, 446 F.3d 1340, 1344 (11th Cir. 2006) (holding third prong of the plain error standard not satisfied where the "record indicates no frustration on the part of the district court with the severity of the Guidelines sentence, nor did the district court indicate a desire to impose a lesser sentence"). *Cf. United States v. Moreno-Trevino*, 432 F.3d 1181, 1189 (10th Cir. 2005) (under fourth prong of plain error review, where defendant received low end of Guidelines range, seeing "no evidence" indicating that district court would have given defendant lighter sentence, where district court noted that it gave him low end "because he was facing prosecution and sentencing for a new criminal charge"). Therefore, Mr. Tillett has not carried his burden as to the third prong and he is not entitled to relief under the plain error standard.

## B.   SUBSTANTIVE REASONABLENESS UNDER 18 U.S.C. § 3553(a)

Mr. Tillett also challenges the substantive reasonableness of his sentence under § 3553(a). When a defendant argues for a lower sentence before the district court, we do not require him to lodge "a formal objection" to the sentence's length to avoid plain error review. *United States v. Mancera-Perez*, 505 F.3d 1054, 1059 (10th Cir. 2007) ("clarify[ing]" Tenth Circuit case law as "allowing for reasonableness review" even in instances of "unpreserved substantive

sentencing challenges" so long as the defendant has "at least made the argument for a lower sentence before the district court"); *see United States v. Garcia-Castaneda*, No. 07-2030, 2007 WL 4124347, at *1 (10th Cir. Nov. 20, 2007) (unpublished) (noting that "exception" to plain error review as to substantive challenges "applies only when the defendant has already made an argument for a lesser sentence during pre-sentence arguments"), petition for certiorari filed Feb. 19, 2008 (No. 07-9540).

After reviewing the record, including Mr. Tillett's sentencing memoranda, we are unable to conclude that the district court abused its discretion in imposing a sentence of forty-six months in the circumstances of this case. Mr. Tillett has failed to rebut the presumption of reasonableness accorded to his properly calculated, within-Guidelines sentence.

Mr. Tillett's offense of conviction ordinarily carries a mandatory minimum sentence of sixty months. The absence of any significant aggravating factors in this case related to the offense or to Mr. Tillett was in large measure taken into account in the sentence reduction that Mr. Tillett received under the safety-valve provision. *See*, *e.g.*, U.S.S.G. § 5C1.2 (allowing for safety-valve where a defendant did not, *inter alia*, "use violence," "possess a . . . dangerous weapon," or "have more than 1 criminal history point").

Furthermore, the district court was required to balance Mr. Tillett's military service, family circumstances, future deportation, and ineligibility for a halfway

house due to pending deportation with other sentencing variables under § 3553(a), including the need for the sentence to reflect the seriousness of the crime and promote respect for the law. *See* 18 U.S.C. § 3553(a)(2). First of all, it is doubtful that Mr. Tillett's future deportation and ineligibility for a halfway house could give rise to unwarranted sentencing disparities because these are direct, legal consequences of Mr. Tillett's unlawful alien status. *Cf. United States v. Martinez-Trujillo*, 468 F.3d 1266, 1268 (10th Cir. 2006) ("We cannot say that a disparity is 'unwarranted' within the meaning of § 3553(a)(6) when the disparity is specifically authorized by Congress . . . .")

In any event, the district court has a wide range of discretion in striking that balance among the § 3553(a) factors. *See Smart*, 2008 WL 570804, at *7 ("We may not examine the weight a district court assigns to various § 3553(a) factors, and its ultimate assessment of the balance between them, as a legal conclusion to be reviewed de novo."). And we cannot conclude here that the district court abused that discretion. *Cf. United States v. Galarza-Payan*, 441 F.3d 885, 887, 889-90 (10th Cir. 2006) (upholding substantive reasonableness of fifty-seven month sentence for reentry after deportation despite defendant's contentions that "evidence of his cultural assimilation," including his residence in the United States since he was twelve and his family's presence in the United States, "rebut[s] the presumption of reasonableness"). Mr. Tillett's sentence is substantively reasonable.

### III. CONCLUSION

Because any procedural error by the district court under 18 U.S.C. § 3553(c) did not affect Mr. Tillett's substantial rights and Mr. Tillett's substantive arguments do not rebut the presumption of reasonableness accorded to his properly calculated, within-Guidelines sentence, Mr. Tillett's sentence is **AFFIRMED**.

Entered for the Court

JEROME A. HOLMES
Circuit Judge