NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 20, 2021
Decided October 21, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 20-3083

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Western Division. |
| *v.* | No. 3:18-cr-50064(1) |
| JAVIER GRANADOS-LEON, *Defendant-Appellant*. | Philip G. Reinhard, *Judge*. |

**O R D E R**

Javier Granados-Leon pleaded guilty to illegal reentry by a removed alien, see 8 U.S.C. §§ 1326(a), 1326(b)(1); 6 U.S.C. § 202(4), and was sentenced above the guidelines range to 60 months in prison and three years of supervised release. Granados-Leon appeals, but his counsel asserts that the appeal is frivolous and moves to withdraw. See *Anders v. California*, 386 U.S. 738, 744 (1967). Counsel's brief explains the nature of the case and raises potential issues that an appeal like this would be expected to involve. Because her analysis appears thorough, and Granados-Leon has not responded

to counsel's motion, see CIR. R. 51(b), we limit our review to the subjects that counsel discusses. See *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel states that she consulted with Granados-Leon and confirmed, through an interpreter, that he does not wish to withdraw his guilty plea. Counsel thus properly refrains from exploring arguments about the adequacy of the plea. See *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel first considers whether Granados-Leon could challenge the guidelines calculations for his sentence but concludes that the district court made no error. The court properly calculated a guidelines range of 33 to 41 months in prison based on a criminal history category of VI and total offense level of 13. In calculating the offense level, the court correctly assessed a base-offense level of 8 for a violation of 8 U.S.C. § 1326(a). See U.S.S.G. § 2L1.2(a). The court appropriately applied a four-level enhancement under § 2L1.2(b)(1)(A) because Granados-Leon committed the present offense after a prior felony conviction for an illegal reentry offense—he was convicted of illegal reentry in the Western District of Texas in both 2011 and 2015. The court also appropriately applied a four-level enhancement under § 2L1.2.(b)(3)(D) because he was convicted of a felony offense other than illegal reentry—cocaine possession in Texas in 2014, see U.S.S.G. § 2L1.2, App. n.2 (defining "felony" under the guideline)—after being removed in 1997. And a challenge to Granado-Leon's criminal history category would also be frivolous because his accumulated 16 criminal history points placed him well above the 13 points needed to qualify for criminal history category VI, the highest category.

Counsel next rightly concludes that Granados-Leon could not challenge the substantive reasonableness of his above-guidelines 60-month sentence. We would uphold an above-guidelines sentence so long as the district court applied the factors in 18 U.S.C. § 3553(a) and adequately explained why the sentence is appropriate. See *United States v. Musgraves*, 883 F.3d 709, 716 (7th 2018). The court here discussed Granados-Leon's personal history and characteristics, acknowledging his familial ties to the United States, his fear of returning to Mexico based on prior incidents of violence, and his "physical infirmities, his hearing problem, and … mental illness." But the court found that those factors were outweighed by the seriousness of the offense ("This is the third time he has a conviction for illegal reentry … [which] shows a pattern that makes this offense more aggravated, particularly since he was on supervised release for that offense at the time … "), as well as the importance of deterring him from future criminal

conduct ("[H]e has had so many violations of his [removals] that … I don't have much confidence in his promise to me that he would not come back."). The court acted well within its discretion to impose an above-guidelines sentence in this case. See *United States v. Vasquez-Abarca*, 946 F.3d 990, 993 (7th Cir. 2020) (upholding sentence nearly twice the guidelines range for defendant's illegal reentry where defendant had multiple prior felony convictions and illegal reentries).

We also agree with counsel that any challenge to the district court's imposition of a three-year term of supervised release would be futile. Although the Guidelines recommend no supervised release term for defendants who are likely to be removed, see U.S.S.G. § 5D1.1(c), the court appropriately concluded that supervision was justified to deter Granados-Leon, who repeatedly had reentered illegally, violated previous conditions of supervised release, and required additional incentive not to return. See U.S.S.G. § 5D1.1(c), App. n.5 (recommending that sentencing court consider supervised-release term for removable alien if doing so would provide "added measure of deterrence and protection based on the fact and circumstances of a particular case"); *United States v. Gawron*, 929 F.3d 473, 476–77 (7th Cir. 2019).

Lastly, we agree with counsel that it would be frivolous to challenge any of the court's terms or conditions of supervised release. Counsel points out that the court imposed a three-year term of supervised release despite Granados-Leon's likely removal, taking into account the predicament of supervising an alien who may be removed during his supervised-release term. As counsel notes, the Tenth Circuit has approved of this condition because removal has been recognized by Congress as an acceptable condition of supervised release, and the condition furthers the objectives of the § 3553(a) sentencing factors. See *United States v. Garcia-Castaneda*, 255 F. App'x 316, 318 (10th Cir. 2007). Here, the court appropriately justified its use of this condition as a means of deterring Granados-Leon from future illegal reentries ("[H]e has come back repeatedly, and even violated when he was given supervised release, [so] the court has to tell him that he just can't come back and that another sentence would be imposed, a separate, if he violates his supervised release.").

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.